UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONALD FITZGIBBON,            )
                              )
        Plaintiff,             )
                              )
v.                            )      3:25-CV-130-KAC-JEM
                              )
UNITED STATES POSTAL SERVICE, )
                              )
        Defendant.             )

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**

This action is before the Court on Defendant United States Postal Service's Motion to Dismiss [Doc. 10]. Because the Court lacks jurisdiction over any claim that remains in this action, the Court grants the Motion in part and dismisses this action without prejudice.

**I.      Background**

Plaintiff Donald Fitzgibbon is proceeding pro se. According to the allegations in the Complaint, he is a "former employee of [Defendant] . . . United States Postal Service" ("USPS"), "a federal agency" [Doc. 1 ¶¶ 3, 6]. Plaintiff worked "at the USPS facility in Knoxville, Tennessee" [*Id.* ¶ 7]. Plaintiff is a "Gold Star Father" because he "lost a Child" "in military service to the United States" [*Id.* ¶ 4]. Because of his status as a Gold Star Father, Plaintiff "received \*\*veterans' preference hiring points\*\*, which contributed to his employment at USPS" [*Id.* ¶ 5].

"On November 30, 2024," an individual with an alleged "known history of violent behavior" "initiated a[n] unprovoked violent attack on Plaintiff on postal property" [*Id.* ¶¶ 8-9]. The alleged attacker "pled guilty to [] assault and battery" [*Id.* ¶ 11]. Defendant "falsely alleged that Plaintiff initiated the altercation" and terminated Plaintiff "effective January 28, 2025" [*Id.*

1

¶¶ 12-13]. "Plaintiff appealed his termination to the Merit Systems Protection Board (MSPB), which upheld the termination in a biased and unfair process" [*Id.* ¶ 14].

On March 28, 2025, Plaintiff filed a "Complaint for Wrongful Termination" [Doc. 1]. The Complaint alleges that "this case arises under federal law and 5 U.S.C. § 7703 (federal employee wrongful termination claims)" [*Id.* ¶ 1]. 5 U.S.C. § 7703 is the section of the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.*, governing judicial review of MSPB decisions. *See* 5 U.S.C. § 7703(a)(1) ("Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision"). The Complaint alleges that "Defendant wrongfully terminated Plaintiff in violation of federal employment protections" [*Id.* ¶ 17]. Specifically, the Complaint alleges that his "termination disregarded his **Gold Star Father status and veteran hiring preference,** demonstrating further unfair treatment and lack of consideration for his contributions and sacrifices" [*Id.* ¶ 16]. The Complaint further alleges that "Defendant's actions were arbitrary, capricious, and in retaliation for Plaintiff exercising his rights" [*Id.* ¶ 18]. The Complaint also notes that Plaintiff "filed a complaint with the Equal Employment Opportunity Commission" that was "still pending" at the time Plaintiff filed his Complaint [*Id.* ¶ 15].

Defendant filed the instant Motion to Dismiss, arguing that the Court lacks jurisdiction to hear this action under Federal Rule of Civil Procedure 12(b)(1) or alternatively that the Complaint fails to state a claim under Rule 12(b)(6) [*See* Doc. 10 at 1]. Plaintiff responded, arguing that his claims "fall under Title VII and the ADEA" [Doc. 14 at 4]. But he did not seek to amend his Complaint to add any additional allegations [*See* Doc. 14]. *See* Fed. R. Civ. P. 15. In his Response, Plaintiff also voluntarily dropped any potential claims under the Federal Tort Claims Act, "including IIED or assault," "without prejudice to refiling after exhaustion" [*See* Doc. 14 at 4].

2

Defendant replied and did not oppose Plaintiff dropping any Federal Tort Claims Act claims without prejudice [*See* Doc. 16 at 1].

**II.     Analysis**

As an initial matter, Plaintiff has voluntarily dropped any claims under the Federal Tort Claims Act, including, without limitation, any claims for intentional infliction of emotional distress and assault, without prejudice [*See* Doc. 14 at 4].  *See* Fed. R. Civ. P. 21; E.D. Tenn. L.R. 7.2. That leaves Plaintiff's claim for wrongful termination.

Under Rule 12(b)(1), the Court dismisses an action without prejudice if the Court lack jurisdiction to hear it.  *See* Fed. R. Civ. P. 12(b)(1).  Defendant lodges a facial attack on the Court's jurisdiction [*See* Doc. 11 at 3].  So, the Court "accepts" the facts in the Complaint "as true" and construes them "in the light most favorable to" Plaintiff.  *See Am. Reliable Ins. Co. v. United States,* 106 F.4th 498, 504 (6th Cir. 2024) (citation omitted).  The Court also liberally construes the Complaint in Plaintiff's favor because he is proceeding pro se.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of establishing that . . . jurisdiction exists." *See Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020).  The facts properly construed must "assert a plausible claim" of jurisdiction.  *See Assoc. of Am. Physicians & Surgeons v. U.S. Food and Drug Admin.*, 13 F.4th 531, 544 (6th Cir. 2021) (citation omitted).

The Civil Service Reform Act provides a general legal framework "for evaluating personnel actions taken against federal employees."  *See Kloeckner v. Solis*, 568 U.S. 41, 44 (2012); *see also* 5 U.S.C. § 1101 *et seq.*  When a federal agency takes a "particularly serious" action against an employee, like termination, the employee may appeal the agency's decision to the MSPB.  *Id.* at 44-45; *see also Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 422 (2017); 5 U.S.C.

3

§ 7701. Before the MSPB, the employee may "assert[] rights under the C[ivil] S[ervice] R[eform] A[ct]" and the employee may also "complain of adverse action taken . . . because of discrimination prohibited by another federal statute," including those statutes identified in 5 U.S.C. § 7702. *See Perry*, 582 U.S. at 422-24 (quotation omitted); *see also* 5 U.S.C. § 7702(a)(1). But the nature of the rights asserted has implications for judicial review of the MSPB determination.

Once, as here, the employee seeks judicial review of the MSPB determination, the road splits. If the employee complains only of violations of his rights under the Civil Service Reform Act, judicial review rests "exclusively" in the United States Court of Appeals for the Federal Circuit. *See Perry*, 582 U.S. at 422 (citation omitted); *see* also 5 U.S.C. § 7703. If instead, he also alleges "that the action was based on discrimination"—"[]he is said . . . to have brought a 'mixed case.'" *Kloeckner*, 568 U.S. at 45 (citation omitted); *Perry*, 582 U.S. at 422; *see also Fuerst v. Sec'y of the Air Force*, 978 F.3d 369, 371 (6th Cir. 2020). Review of a "mixed case" can rest with a relevant "district court." *Perry*, 582 U.S. at 431-32 (citing *Kloeckner*, 568 U.S. at 50).

Here, the Complaint only plausibly raises a claim that Defendant or, liberally-construed, the MSPB violated Plaintiff's rights under the Civil Service Reform Act. So, this District Court lacks jurisdiction to hear the claim. To the extent that the Complaint alleges that "Defendant's actions were arbitrary [and] capricious," [*see* Doc. 1 ¶ 18], those allegations are covered by the Civil Service Reform Act, *see* 5 U.S.C. §7703(c)(1). So too are the allegations that the MSPB "upheld the termination in a biased and unfair process" [*See* Doc. 1 ¶ 14]. And Plaintiff's status as a "Gold Star Father" is protected under the Civil Service Reform Act. *See* 5 U.S.C. § 2108(3)(F) (providing that "the parent of an individual who lost his or her life under honorable conditions while serving in the armed forces" may be preference eligible); *see also* § 2302(b) (providing protection against certain "personnel action if the taking of such action would violate a veterans'

4

preference requirement"). But that status is not protected under Title VII or the ADEA. *See* 42 U.S.C. § 2000e-2, 2000e-3 (prohibiting discrimination "because of such individual's race, color, religion, sex, or national origin"); 29 U.S.C. § 623 (prohibiting discrimination "because of such individual's age").

The Complaint itself, which is the touchstone for the Court analysis, does not reference any applicable anti-discrimination statute [*See* Doc. 1]. *See Am. Reliable Ins. Co.*, 106 F.4th at 504. Nor does it include allegations that would allow the Court to infer that Plaintiff raised a claim of discrimination under Title VII or the ADEA, as Plaintiff argues in his Response [*See id.*, Doc. 14 at 3-4]. And Plaintiff cannot amend the allegations of his Complaint in his Response. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (Plaintiffs "cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (cleaned up)). At bottom, even properly and liberally construing the Complaint, it plausibly "asserts rights under the C[ivil] S[ervice] R[eform] A[ct] only." *See Perry*, 582 U.S. at 422-24. Accordingly, this District Court lacks jurisdiction.

### III. Conclusion

For the above reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 10] **in Part** and **DISMISSES** this action **without prejudice**. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge